UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JESUS ALONSO GUERRERO, | No. 5:26-cv-02551-JDE |
| Petitioner, | ORDER REGARDING PETITION |
| v. | |
| ERNESTO SANTACRUZ, et al., | |
| Respondents. | |

On May 13, 2026, Jesus Alonso Guerrero ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention without a bond hearing and seeking relief as a Bond Eligible Class member certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista"). Dkt. 1 ("Petition"). He seeks immediate release from custody, or alternatively, a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days; and attorney's fees and costs. Id. at 6.

On May 20, 2026, Respondents filed an Answer to the Petition in which they do not affirmatively contest the merits of the Petition. While they contend Petitioner "appears to have a criminal history," they acknowledge that

Petitioner appears to be a member of the Bond Eligible Class certified in Bautista and contend that "[t]o the extent Petitioner would be entitled to any remedy, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." Dkt. 7. Petitioner did not file a Reply, despite an opportunity to do so. See Dkt. 4 at 2 ¶ 4.

As noted, Petitioner seeks release or alternatively, a bond hearing under 8 U.S.C. § 1226(a), and Respondents offer no opposition to the alternative request for a bond hearing. Respondents acknowledge Petitioner appears to be a member of the Bond Eligible Class in Bautista and subject to the Bautista judgment. In Bautista, the Honorable Sunshine Suzanne Sykes, United States District Judge, granted class-wide declaratory relief to "Bond Eligible Class" members, finding such members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under Section 1225(b)(2). Further, Judge Sykes held that Bond Eligible Class members are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista, Dkt. 94. An appeal is pending, and the Ninth Circuit has granted a stay, but the December 2025 judgment remains in place in this district. See Bautista, et al. v. United States Department of Homeland Security, et al., Case No. 26-1044 (9th Cir.), Dkt. 17.1.

As Respondents acknowledge Petitioner is a Bond Eligible Class member, for the reasons stated in Bautista, the alternative relief sought by the Petition is granted. Petitioner is entitled to the procedural protections that 8 U.S.C. § 1226(a) provides, including a bond hearing.

IT IS THEREFORE ORDERED that:

(1)    Respondents are directed to provide Petitioner an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within seven days of this Order, with instructions that the

immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond and must provide a reasoned decision if bond is denied.

(2)   Respondents shall release Petitioner from custody if Petitioner is not timely provided with the aforementioned bond hearing.

(3)   The alternative request for immediate release is denied as moot and the Petition is dismissed without prejudice.

IT IS SO ORDERED.

Dated: May 26, 2026_____

_____
JOHN D. EARLY
United States Magistrate Judge